1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
9                         AT SEATTLE
10

11   TRAVIS GLENN,

12                    Plaintiff,           CASE NO. 2:24-cv-00184-TL

           v.                              ORDER ON PLAINTIFF'S MOTION
13                                         FOR SUMMARY JUDGMENT
     AMERICO,
14
                      Defendant.
15

16
17
18
19        This matter is before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No.
20   51) and Defendant's Motion to Stay or in the Alternative, Continue Plaintiff's Motion for
21   Summary Judgment (Dkt. No. 52). Having considered the relevant record and finding oral
22   argument unnecessary, *see* LCR 7(b)(4), the Court DENIES Plaintiff's Motion for Summary
23   Judgment.
24

## I.  BACKGROUND

Mr. Glenn initiated the instant action on February 8, 2024, when he filed a motion for leave to proceed in forma pauperis with the Court (Dkt. No. 1). Following the Court's order granting that motion, Mr. Glenn filed his complaint on February 13, 2024. Dkt. Nos. 4 (order granting motion for leave to proceed in forma pauperis), 5 (complaint). Summons was electronically issued on February 26, 2024 (Dkt. No. 14), and after a motion for service by the Court (Dkt. No. 17), Defendant agreed to waive service of summons on April 22, 2024 (Dkt. No. 21). Prior to and following service of Defendant, Mr. Glenn filed a series of motions for default judgment against Defendant (Dkt. Nos. 16, 26, 38), which were all denied as premature or procedurally improper (*see* Dkt. Nos. 18, 27, 43).

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b) for failure to state a claim and lack of standing on May 24, 2024. Dkt. No. 33. That motion is still pending before the Court.

On August 30, 2024, Plaintiff filed the instant motion. Dkt. No. 51. Defendant subsequently filed a motion to stay or continue Plaintiff's motion for summary judgment until after the Court rules on its pending motion to dismiss. Dkt. No. 52.

## II.  LEGAL STANDARD

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine dispute as to any material fact or in which only a question of law is involved. Thus, parties need not wait until a case is fully tried but may seek a final adjudication of the action by a motion under Rule 56." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2712 (4th ed. 2024). "A motion for summary judgment lies only when there is no genuine dispute as to material facts; summary judgment is not a substitute for the trial of disputed fact issues." *Id.* "Accordingly, the court cannot try issues of

fact on a Rule 56 motion but only is empowered to determine whether there are issues to be tried." *Id.*

The Federal Rules of Civil Procedure "mandate[] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The inquiry at the summary judgment stage is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250–52 (1986).

The party moving for summary judgment must carry its burden of production by "either produc[ing] evidence negating an essential element of the nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire v. Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (2000). This showing must be made through evidence in the record. Fed. R. Civ. P. 56(c) (explaining the ways in which a "party asserting that a fact cannot be or is genuinely disputed must support the assertion"). Unless the burden of production is met, "the nonmoving party has no obligation to produce anything" to support its claims or defenses. *Nissan Fire*, 210 F.3d at 1103.

### III. DISCUSSION

Plaintiff moves for summary judgment on the grounds that Defendant "has not disputed" Plaintiff's allegation that he never received notice of termination prior to the date of his termination nor "offered any evidence to the contrary." Dkt. No. 51 at 2. Procedurally, a defendant may file a motion to dismiss in lieu of an answer. Fed. R. Civ. P. 12(b). If a

defendant's motion to dismiss is denied, at that time, the defendant must file an answer to a complaint. Fed. R. Civ. P. 12(a)(4)(A). Here, Defendant has filed a motion to dismiss in this action—making clear that it disputes Plaintiff's allegations. *See* Dkt. No. 33.

Plaintiff argues that because six months have passed since this action was initiated, and Defendant has "failed to present any evidence that supports a defense to any of the allegations brought before the court," summary judgment is appropriate. Dkt. No. 51 at 5. But this case is in its infancy; Defendant's motion to dismiss is still pending, and no discovery has occurred.[1] Further, Defendant, as the nonmoving party, has no obligation to produce anything to support its defenses—to the contrary, Plaintiff bears the burden of proof on both the initial burden of production and the ultimate burden of showing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. *See Nissan Fire*, 210 F.3d at 1102–03; *see also* Judge Karen L. Stevenson & James E. Fitzgerald, Rutter Group Practice Guide: Federal Civil Procedure Before Trial Ch. 14-D (Nat. ed. 2024). Plaintiff's motion for summary judgment is premature.

### IV. CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion. The Court further ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment (Dkt. No. 51) is DISMISSED with leave to re-file if appropriate following the Court's order on Defendant's pending Motion to Dismiss (Dkt. No. 33).

//

//

---

[1] For a more detailed description of usual pretrial proceedings, *see* United States District Court for the Western District of Washington, Pro Se Guide to Filing Your Lawsuit in Federal Court, 27–28 (last updated July 2024), Microsoft Word - PROPOSED Pro Se Manual 3-2016 (uscourts.gov).

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

    2.   Defendant's Motion to Stay or in the Alternative, Continue Plaintiff's Motion for Summary Judgment (Dkt. No. 52) is DENIED as moot.

Dated this 17th day of September 2024.

                                    Tana Lin
                                    United States District Judge