UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS GLENN,<br><br>                    Plaintiff,<br>    v.<br><br>AMERICO,<br><br>                    Defendant. | CASE NO. 2:24-cv-00184-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

  This matter is before the Court on Plaintiff Travis Glenn's Motion for Reconsideration of the Court's Order on Plaintiff's Motion for Summary Judgment (Dkt. No. 54). Dkt. No. 55. Having considered the briefing and the relevant record, the Court DENIES Plaintiff's motion.

  The Court assumes familiarity with the facts of this case. Relevant to this motion, Plaintiff initiated the instant action on February 8, 2024, when he filed a motion for leave to proceed in forma pauperis with the Court. Dkt. No. 1. Plaintiff's motion was granted and he subsequently filed his complaint on February 13, 2024. Dkt. Nos. 4 (order granting motion for

1 leave to proceed in forma pauperis); 5 (complaint). Summons was electronically issued on
2 February 26, 2024 (Dkt. No. 14), and after a motion for service by the Court (Dkt. No. 17),
3 Defendant agreed to waive service of summons (Dkt. No. 21). Defendant filed a motion to
4 dismiss under Federal Rule of Civil Procedure 12(b) for failure to state a claim and lack of
5 standing on May 24, 2024. Dkt. No. 33.

6      Mr. Glenn filed a motion for summary judgment on August 30, 2024, arguing that
7 summary judgment was warranted because Defendant had not "disputed" Plaintiff's allegations
8 or "offered any evidence to the contrary." Dkt. No. 51 at 2. The Court denied Plaintiff's motion,
9 noting that Defendant's motion to dismiss was pending and that Plaintiff bore the burden of
10 proof on showing that there was no genuine dispute as to any material fact and that he was
11 entitled to judgment as a matter of law. *See* Dkt. No. 54 at 4. Plaintiff now moves for
12 reconsideration. Dkt. No. 55.

13      "Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily
14 denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal
15 authority which could not have been brought to [the Court's] attention earlier with reasonable
16 diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual
17 circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880
18 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).
19 "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the
20 first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (emphasis in
21 original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).
22 "Whether or not to grant reconsideration is committed to the sound discretion of the court."
23 *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041,
24 1046 (9th Cir. 2003) (citing *Kona Enters. Inc.*, 229 F.3d at 883).

As an initial matter, Plaintiff's motion is again untimely. *See* Dkt. No. 30 (denying motion for reconsideration and noting late filing). Motions for reconsideration must be filed "within fourteen days after the order to which it relates [was] filed." LCR 7(h)(2). The Court's Order for which Plaintiff seeks reconsideration was entered on September 17, 2024. Dkt. No. 54. Plaintiff filed the instant motion for reconsideration on October 4, 2024 (Dkt. No. 55), more than fourteen days after the Order to which it relates was issued (*see* LCR 7(h)(2)). Plaintiff's motion is therefore untimely.

Additionally, Plaintiff does not argue either "manifest error" in the Court's prior ruling or "a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier." LCR 7(h)(1). Plaintiff argues that his motion was not premature because a motion for summary judgment was permissible under Federal Rule of Civil Procedure 56. *See* Dkt. No. 55 at 1. But the Court did not make any determination that Plaintiff's original motion was procedurally improper under the Rules; it determined that the grounds on which Plaintiff based his original motion (that Defendant had not "disputed" Plaintiff's allegations or "offered any evidence to the contrary," Dkt. No. 51 at 2) were insufficient to establish that Plaintiff was entitled to summary judgment in his favor. As the Court stated in its prior order, Defendant clearly disputes Plaintiff's allegations, as evidenced by its motion to dismiss (Dkt. No. 33). Dkt. No. 54 at 4. Thus, a genuine dispute of material fact exists, making summary judgment inappropriate at this time. *Id.*

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration.

Dated this 9th day of December 2024.

Tana Lin
United States District Judge