UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS GLENN,<br><br>    Plaintiff,<br> v.<br>AMERICO,<br><br>    Defendant. | CASE NO. 2:24-cv-00184-TL<br><br>ORDER ON EMERGENCY MOTION FOR RECUSAL |

This matter is before the Court on Plaintiff Travis Glenn's Emergency Motion for Recusal. Dkt. No. 75. Having considered the motion and relevant record, the Court DENIES the motion.

## I. BRIEF BACKGROUND

This case arises from Plaintiff's allegedly unlawful termination from his appointment with Defendant as an independent life insurance broker. Dkt. No. 67 (Third Amended Complaint) at 2–4. Plaintiff is proceeding *pro se*. On Defendant's motion to dismiss (Dkt. No.

33), the Court determined that Plaintiff lacked standing to bring his claims related to Covid-19 state and federal guidelines, as well as his claim related to taxes. Dkt. No. 59 at 6–8. The Court also determined that Plaintiff had failed to adequately plead his claims for wrongful termination, malicious business practices, unfair business practices, breach of contract, and whistleblower violations. *Id.* at 8–14. Plaintiff subsequently filed several amended complaints, and the operative complaint was filed in early April 2025. *See* Dkt. Nos. 64, 65, 67.

## II. LEGAL STANDARD

"[Judges] are as bound to recuse [them]selves when the law and facts require as [they] are to hear cases when there is no reasonable factual basis for recusal." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal citations omitted). A judge must voluntarily recuse herself if, *inter alia*, her "impartiality might reasonably be questioned," or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). But "[a]bsent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are . . . unsupported beliefs and assumptions." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

Once a party has made a timely and sufficient showing that a district court judge has a bias or prejudice "against [them] or in favor of any adverse party," the case must be reassigned. 28 U.S.C. § 144. In close cases, the balance tips in favor of recusal. *Holland*, 519 F.3d at 912 (internal citation omitted). Under this Court's Local Civil Rules, if a judge challenged under 28 U.S.C. § 144 or 28 U.S.C. § 455 declines to voluntarily recuse herself from a case, "she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

### III. DISCUSSION

Plaintiff brings the instant motion based on his "concerns regarding the court's impartiality and fairness, as evidenced by the court's handling of the Plaintiff's motions and the overall progression of the case." Dkt. No. 75 at 1. Specifically, Plaintiff contends that the Court's denial of his requests for appointment of counsel, despite his "demonstrate[ed] . . . need for assistance in navigating the complexities of this legal proceeding," have been without "substantive reasons," "raising concerns about whether [his] pro se status is being fairly considered. *Id.* at 2. Plaintiff also contends that the "docket reflects a pattern of the court summarily dismissing Plaintiff's motions, often with minimal explanation," and that the Court's "early focus on the defendant's motion to dismiss" "suggests a predisposition towards dismissing the case rather than allowing it to proceed to a hearing on the merits." *Id.*

But as the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions a judge forms based on "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (internal citation omitted).

Plaintiff has not stated grounds for recusal. First, as the Court explained in its prior orders denying appointment of counsel, the standard for appointment of counsel for indigent civil litigants requires "exceptional circumstances"—a "high bar." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020); *see* Dkt. Nos. 20, 61. Most *pro se* litigants would likely benefit from representation by an attorney; however, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997). In his motions, Plaintiff failed to demonstrate the type of "exceptional

1   circumstances" that warrant appointment of counsel; he neither demonstrated that he was likely
2   to succeed on the merits of his action or that the legal issues involved in this action were
3   sufficiently complex so as to impede his ability to present his case. *See Siglar*, 822 F. App'x at
4   612; Dkt. No. 20 at 2; Dkt. No. 61 at 2. Further, while the Court has so far denied his requests for
5   appointment of counsel, the Court has also informed Plaintiff he may renew his request
6   appointment of counsel in the future (and he now has guidance on the standards he must meet for
7   his request should he wish to do so). Dkt. No. 61 at 2. Disagreement with the Court's
8   conclusions with regard to Plaintiff's need for appointment of counsel does not constitute a basis
9   for recusal.

10          Second, no reasonable person would question the Court's impartiality based on its prior
11  rulings in this case, and there is no evidence of prejudice to Plaintiff based on his *pro se* status.
12  To the contrary, the Ninth Circuit has held that "it is axiomatic that pro se litigants, whatever
13  their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v.*
14  *United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). Plaintiff's assertion
15  that the Court has "summarily dismissed" his motions "without detailed explanations" is
16  unsupported by the record. *See, e.g.*, Dkt. No. 18 (denying Plaintiff's motion for default
17  judgment without prejudice and explaining Plaintiff's duty to serve summons and complaint);
18  Dkt. No. 27 (denying Plaintiff's second motion for default judgment without prejudice and
19  explaining rules regarding Defendant's deadline to respond to the complaint); Dkt. No. 54
20  (denying Plaintiff's motion for summary judgment without prejudice and explaining that
21  Defendant's motion to dismiss constituted a factual dispute, making Plaintiff's case not yet
22  appropriate for resolution at summary judgment and directing Plaintiff to a resource explaining
23  the usual progression of a case). Plaintiff expresses dissatisfaction with the Court "summarily
24  dismissing Plaintiff's motions, often with minimal explanation." Dkt. No. 75 at 2. But Plaintiff's

motions were based upon misunderstandings of various rules which did not require lengthy explanations. The Court explained the straightforward rules and provided the straightforward reasons it was denying Plaintiff's requests in each order.

Finally, the scheduling order in this case, which defers setting a trial date pending the Court's decision on Defendant's then-pending motion to dismiss, is neither unusual nor indicative of a predisposition towards dismissal of the case. In this case, on April 25, 2024, the Court issued an Order Regarding Initial Disclosures and Joint Status Report setting a deadline of June 20, 2024, for the joint status report and discovery plan to be submitted by the parties. Dkt. No. 25 at 1. As in every case (because plaintiffs are the party to initiate a case), the Court stated that Plaintiff "will be responsible for starting the communication needed to comply with this Order." *Id.* at 7. On June 20, 2024, the Court received a status report from Defendant informing the Court that Plaintiff refused to participate in a conference to discuss a case schedule. Dkt. No 42 at 2. Plaintiff neither filed a status report nor contested the representations made by Defendant. Five days after receiving notice of Plaintiff's lack of participation in the case planning conference, the Court entered an order finding good cause to defer entry of a trial schedule, especially as there was a pending motion dismiss that could affect how the case would proceed and the Court was trying to preserve the resources of all Parties as well as the Court's own resources. Dkt. No. 44. Indeed, that motion to dismiss was granted, although the Court also allowed Plaintiff an opportunity to amend his complaint. Dkt. No. 59. Ultimately, district courts are generally provided a great deal of latitude in managing their dockets. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources.").

"[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (cleaned up). As no legitimate reasons have been presented, the Court is obligated to continue to proceed with this case.

### IV. CONCLUSION

Accordingly, Plaintiff's Emergency Motion for Recusal (Dkt. No. 75) is DENIED. The Court further DIRECTS the Clerk to refer the recusal motion to Chief Judge David G. Estudillo for further review, as required under Local Civil Rule 3(f).

Dated this 14th day of May 2025.

Tana Lin
United States District Judge