UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRAVIS GLENN,<br><br>                    Plaintiff,<br><br>      v.<br><br>AMERICO,<br><br>                    Defendant. | CASE NO. 2:24-cv-00184-TL<br><br>ORDER AFFIRMING DENIAL OF RECUSAL |

      This matter comes before the Court on Judge Lin's denial (Dkt. No. 76) of Plaintiff's Motion for Recusal (Dkt. No. 75).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Lin's decision not to recuse.

      Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL - 1

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff's Motion identifies three bases of alleged bias, but all have to do with Judge Lin's rulings or how she has managed the case docket.  Specifically, he identifies Judge Lin's denials of his motions to appoint counsel, her denying other motions he has raised without sufficient explanation, and a "premature focus on dismissal" as evidenced by deferring setting a trial date until the court rules on a motion to dismiss. (Dkt. No. 75 at 1–2.)  As Judge Lin's order denying recusal cogently explains, none of these reasons would create an appearance of bias to an objective observer, and none support recusal.  Rather, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Likewise, "the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)."  *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (footnote omitted); *see also In re Marshall*, 721 F.3d 1032, 1042 (9th Cir. 2013) (recusal not warranted by judge's effort to determine if plaintiff had standing).

ORDER AFFIRMING DENIAL OF RECUSAL - 2

Accordingly, the Court AFFIRMS Judge Lin's denial (Dkt. No. 76) of Plaintiff's Motion to Recuse (Dkt. No. 75).

Dated this 20th day of May, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL - 3